## Chicago, St. Louis and New Orleans Railroad Company, et al. v. Dixon, et al.

(Decided June 25, 1926.)

### Appeal from Hopkins Circuit Court.

1. Eminent Domain.—Railroad held to take right of way free from future streets crossing it, where no map showed such streets when it was acquired.

2. Municipal Corporations—Property Owner Held Not Entitled to Enforce City's Right to Open Street Across Railroad, Under Reservation in Deed, Without Joining City.—Owner of property adjoining railroad cannot enforce city's right to open streets re-

served in deed to owners of land which railroad condemned for right of way, in action to which city is not party.

3.  Municipal Corporations—Ordinance, Directing Opening of Street Across Railroad Held Not to Authorize Suit by Individual to Enforce City's Right to Open Street Under Reservation in Deed (Ky. Stats., section 3653).—Passing ordinance, directing opening of street across railroad right of way, and requiring railroad to remove obstructions, held not to authorize individual citizens to bring suit to enforce city's right to open streets under reservation in deed to former owners of land which railroad condemned in view of Ky. Stats., section 3653, relative to condemnation of land by city for public purposes.

4.  Eminent Domain—City Must Pay for Land and Rights of Way Acquired by Condemnation from Railroad (Ky. Stats., Section 3653).—City must pay for land and rights of way acquired by condemnation from railroad, under Ky. Stats., section 3653, just as though it were taking from individuals.

TRABUE, DOOLAN, HELM & HELM, GORDON, GORDON & MOORE and R. V. FLETCHER for appellants.

C. J. WADDILL and CHARLES G. FRANKLIN for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing

The object of this equitable action, instituted in the Hopkins circuit court, in September, 1923, was the obtention of an injunctive order requiring the opening of several streets in the city of Dawson Springs, alleged to have been closed and obstructed by the construction and maintenance of the tracks and roadbed of appellant railroad companies and by a wire fence erected by appellant companies along the south side of this right of way through Dawson Springs. The prayer of the petition asked that the companies be enjoined from obstructing the streets or hindering the free use thereof, and that they be compelled to restore the streets named to their former condition and to allow the traveling public to use them as public streets over and across the rights of way of appellant companies, thus giving to appellees, who own and operate a hotel on the north side of the railroad, immediately opposite the depot, in Dawson Springs, convenient and suitable access to their hotel over and across the tracks and right of way of the railroad companies. Damages were also prayed by appellees against appellants for the alleged wrongful obstruction of the street. The chancellor, after finding and reciting

in his judgment that appellant companies had con-structed their railroad across and changed several of the streets of the city, and thus closed and interfered with and obstructed the rights of citizens owning lots in that part of the town, including appellees, and had also constructed and was then maintaining a barbed wire fence along the north side of the right of way between appellees' hotel and the passenger depot, adjudged "that the defendants be and they are hereby required to remove promptly and permanently the railroad fence across Russell street, and that they provide promptly and permanently a reasonable and suitable crossing for the benefit of plaintiffs at Russell street as extending across their tracks, and the right of way, and they are now given until the 7th day of the next term of this court to comply with this judgment as above indicated. It is further adjudged that plaintiffs recover of defendants their costs herein expended. The court makes this judgment with-out prejudice to the rights of the parties or the public to any other street than Russell street, and the court further holds open all question of damages for the fur-ther orders of this court in this action." From that judg-ment the railroad companies prosecute this appeal.

The railroads maintained their right of way and tracks through Dawson Springs for many years before June, 1917, but at that time decided to relocate the tracks through that city and to do so obtained a new right of way passing through what was then known as Montezuma Park, a suburb of the city not then built up. This right of way was obtained by condemnation proceedings instituted in the Hopkins county court by the railroad companies against the Dawson Springs Hotel and Sanatorium Com-pany. To this proceeding John K. Delker, E. H. Stain-ger, and Park Realty Company, lien claimants and prior owners, were made parties, as was also the city of Dawson Springs, it appearing that the city had or claimed some easement or right to an easement on and over which to open and construct a street through the park property. The record shows that the parties were summoned and thus brought before the court. A trial was held, the realty company being awarded $1,600.00 damages for the land taken and other damages by the railroad company and it was adjudged that the railroad company was entitled to a right of way, free from lien, on the payment of the money, and that the damages were

promptly paid and deed made for the right of way to the railroad company in 1917. The deed under which the Dawson Springs hotel and sanatorium acquired Montezuma property, through which the right of way was condemned, contained this clause:

"This conveyance is in no wise to interfere with or prevent or hinder the town of Dawson Springs from putting sewers thru said land conveyed by this deed by opening streets thru same,"

and this is one of the grounds upon which appellees base their claim to the right to have the railroad company open the streets mentioned in their petition, it being averred in the petition: "Defendants took title to the said right of way on the express condition recited in deeds of record in their immediate chain of title that they would not hinder or prevent or obstruct the opening or extension or use of said streets, alleys and ways," and it is averred that in violation of the terms of the deeds in their chain of title the railroad companies have obstructed the streets and will continue to do so unless enjoined and restrained by the orders of the court. Then follows this averment: "Plaintiffs say that the defendants suffer and permit them to use as means of access from said hotel to said station a long, narrow, devious, circuitous plank walk, which affords a dangerous, difficult and unsightly way and one that is some twenty times as long as it should be and beset by abutting barbed wire entanglements which plaintiffs have been forced to use as a temporary way until their legal rights to a better way could be enforced in equity." It is further averred in the petition that "all of said streets, alleys and ways were open and used as such by the people generally, and formally designated on the plats of said city and the recorded maps for many years last past. Said streets, alleys and ways, when open, as of right they should be, would afford easy, convenient and suitable access between said hotel and railroad station."

Appellees own lot 25 in the addition to Dawson Springs, laid out and sold by the Dawson Springs Hotel and Sanatorium Company. Upon that lot they have erected and now maintain a large and commodious hotel. It stands, according to the map, on the south side of the railroad right of way immediately opposite the passenger depot in Dawson Springs and only about 100 feet

therefrom. It appears to face in part toward the railroad right of way and the depot and in part towards Russell street, which, according to the map, runs immediately to the west of the hotel on lot 25, while Niles avenue bounds the hotel lot on the south. Russell street with Scott street, Lynch street and Hackney street, all in the same neighborhood, are alleged to have been obstructed by the railroad company, after they had been opened, duly platted and the map formally recorded in the office of the clerk of the Hopkins county court, and this is perhaps appellees' main reliance for injunctive relief against the railroad companies. The original deed to appellees for lot 25 is in the record and shows that it was executed on October 29, 1921, some four years after the railroad company acquired its right of way; that it was signed, executed and delivered by Joe Woodruff and wife, C. A. Niles and wife, and H. Preston Sights, successors in title to the Dawson Springs Hotel and Sanatorium Company, through whom the railroad companies obtained right of way by condemnation proceedings. The deed recited: "A certain lot of land in Dawson Springs, Kentucky, being a lot in new Park addition to said town, bounded and described as follows: 'Lot No. 25, beginning at I. C. C. R. R. right of way at the N. W. corner of said lot, and running nearly south with Russell street, 110 feet, more or less, to Niles avenue; thence with same in an easterly direction 199 feet to I. C. R. R. tank lot; thence with same lot in a northwesterly direction 115 feet, more or less, to I. C. R. R. right of way; thence with same nearly west, 140 feet to the beginning corner on Russell street;'" thus showing that appellees obtained their lot on which their hotel was later erected after appellant companies had obtained their right of way, constructed their railroad and depot and began operating on the new location. Having purchased and acquired their property with the right of way obstruction immediately up against it, and with full knowledge of all of the inconveniences of such right of way and roadbed, it is doubtful whether appellees may invoke the aid of a court of equity to remove the obstructions; but there are other and better reasons why appellees are not entitled to the relief sought and granted in this case, under the record as presented. Some time previous to the year 1917 an addition to the city had been laid out south of the present location of the railroad tracks, but this addi-

tion did not extend further north in the direction of the present location of the railroad than Park street, shown on the map. South of Park street the city was more or less built up, running south from Park street, in the opposite direction from the present location of the railroad, as Scott street, Russell street, Lynch street and others, but none of them were extended further north than Park street, which was several hundred feet south of the present location of the railroad right of way. Between Park street and the railroad, as now located, is and was Montezuma park. About 1919 this property, or at least a part of it, was laid out and platted as an addition to the city of Dawson Springs, but Scott street was not extended through the Park toward the railroad. However, Russell street and Lynch street were extended north from Park street toward the line of the right of way of the new location of the railroad. According to the evidence no plat or map was ever made of this addition to the town or of these streets, extending north from Park street before 1919, some two years after the railroad had acquired its right of way. At that time, 1919, Russell street and Lynch street were extended only to the right of way of the railroad company and the map does not show that they crossed the right of way or were intended to do so. Had such a map been made, filed and recorded before the location of the right of way for the railroad company in 1917, the railroad company would have been obliged to take cognizance of all of the proposed streets which might thereafter be projected, it would seem, but as no streets or public ways were laid out in that territory at that time the railroad company acquired and had a right to acquire its right of way, free from any future streets that might be projected over and across that outlying district at a subsequent date. The evidence does not show that any map was made and filed showing streets or public ways over any part of the right of way along where Scott street, Russell street and Lynch street would, if extended, intersect with the right of way, prior to the acquisition of the right of way by appellant company, or even since, but it does clearly show that no such map existed. It is argued, however, by appellees that the reservation in the deed under which the Dawson Springs Hotel and Sanatorium Company held the lands at the time the railroads acquired their right of way by condemnation, put

the railroads upon notice, if it did not actually acknowl-
edge the right of the city, to open streets over and
through the property through which it sought to and
did condemn its right of way, and, having such notice, is
not in position to complain that such streets are later
projected and opened through the territory, even though
they cross the companies' right of way.

The city of Dawson Springs is not a party to this
action, nor is it asserting or attempting to assert its
right to open the streets, or any one of them, mentioned
in the petition over and across the right of way of the
railroad company. If the reservation in the deeds to
which we have referred is enforceable, which is very
doubtful, owing to its indefiniteness, but not decided,
the city alone could do so, and it does not lie in the power
of an individual, even though a citizen and property
holder in the city, to enforce such right on his own behalf
independently of the municipality. Nor is the fact that
the city in 1924, after this litigation was instituted,
passed an ordinance directing the opening of Russell
street over and across the right of way of the railroad
company and requiring the railroad company to remove
obstructions in Russell street and to allow Russell street
to be extended over and across its right of way, a suffi-
cient assertion of the rights of the city, if right it has,
to open such street pursuant to the reservation in the
deed. Certainly it gave no right to appellees or other in-
dividual to act for and on behalf of the city in the insti-
tution and prosecution of the action for the opening of
such street. Kentucky Statutes, section 3653, provides
a way by which a city of the fifth class, such as Dawson
Springs, may condemn lands for public purposes, such
as streets, but the city has no more right to take the pro-
perty of a railroad company than of an individual for
such public purposes. It, like other public corporations,
exercising the right of eminent domain, must pay for such
lands and rights of way as it acquires by condemnation.
From the record we are convinced that the opening of
Russell street across the right of way of the railroad
company would be of great advantage to appellees, and
perhaps to other persons owning property and residing
in that part of the city, but we are unable to discover in
the record any right, enforceable in equity or otherwise,
which appellees have against the appellant companies
by which they may compel appellants to remove the wire

fence which is located on the right of way, or to open and extend Russell street across the right of way, however desirable such a proceeding may be. For these reasons the judgment is reversed for proceedings consistent herewith.

Judgment reversed.